J. S08027/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DENNIS SCHELL, | : | No. 912 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 18, 2016,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0014569-2011

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND SOLANO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED FEBRUARY 15, 2017**

Dennis Schell appeals from the May 18, 2016 aggregate judgment of sentence of 15 to 30 years' imprisonment imposed after he pled guilty to multiple counts of robbery.[1]  Contemporaneously with this appeal, counsel[2] has requested leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their progeny.  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows:

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii), (vi).

[2] Appellant is represented on appeal by Thomas N. Farrell, Esq. (hereinafter, "counsel" or "Attorney Farrell").

[Appellant] was charged with four (4) counts of Robbery and one (1) count of Robbery of a Financial Institution in relation to two (2) robberies of First Commonwealth Bank and one (1) robbery of Citizen's Bank. On December 13, 2012, [Appellant] appeared before th[e trial c]ourt and entered a general plea of guilty to all charges. Following the preparation of a Pre-Sentence Investigation Report and a mental health evaluation, [Appellant] again appeared before th[e trial c]ourt on March 18, 2013 and was sentenced to three (3) mandatory, consecutive terms of imprisonment of five (5) to 10 years for an aggregate term of imprisonment of 15 to 30 years. No Post-Sentence Motions were filed and no direct appeal was taken.

No action was taken until June 2, 2014, when [Appellant] filed a *pro se* "Petition for Reconsideration of Sentence." Th[e PCRA c]ourt treated the Petition as a Post Conviction Relief Act Petition and appointed counsel to represent [Appellant]. Counsel subsequently filed an Amended PCRA Petition averring the ineffective assistance of counsel in relation to [Appellant's] Post Sentence Motion rights. By Order of July 14, 2014, th[e PCRA c]ourt granted collateral relief and reinstated [Appellant's] Post-Sentence Motion rights *nunc pro tunc*. Post Sentence Motions were subsequently filed and were denied on July 23, 2014. The judgment of sentence was affirmed by the Superior Court on January 13, 2015 and our Supreme Court denied [Appellant's] subsequent Petition for Allowance of Appeal on March 31, 2015. [*See Commonwealth v. Schell*, 118 A.3d 445 (Pa.Super. 2015), *appeal denied*, 113 A.3d 279 (Pa. 2015) (unpublished memorandum).]

No further action was taken until June 24, 2015, when [Appellant] filed a *pro se* [PCRA] Petition. [Attorney] Farrell [] was appointed to represent [Appellant], and an Amended Petition followed which alleged an *Alleyne* claim with regard to th[e trial c]ourt's imposition of mandatory sentences. Upon consideration of the Amended

> Petition and the Commonwealth's response thereto, th[e PCRA c]ourt granted relief in the form of resentencing. The resentencing hearing was held on May 18, 2016, at which time th[e trial c]ourt imposed a non-mandatory sentence consisting of three (3) consecutive terms of imprisonment of five (5) to 10 years. Timely Post -Sentence Motions were filed [on May 23, 2016] and were denied on May 31, 2016.

Trial court opinion, 8/30/16 at 1-2 (case citation added; footnotes omitted).

On June 27, 2016, Appellant filed a timely notice of appeal. On June 28, 2016, counsel filed a statement of his intention to file an **Anders**/**McClendon** brief, in accordance with Pa.R.A.P. 1925(c)(4). On August 30, 2016, the trial court filed an opinion, concluding that there were no meritorious issues on appeal. (**See** Trial Court Opinion, 8/30/16 at 3-4.) Thereafter, on November 28, 2016, Appellant's counsel filed a motion and brief to withdraw from representation. Appellant did not respond to counsel's motion to withdraw.

In his **Anders** brief, counsel raises the following issues on Appellant's behalf:

> 1. Whether the sentencing court abused its discretion by imposing an excessive and harsh sentence of fifteen (15) to thirty (30) years of incarceration for three (3) counts of robbery?
>
> 2. Whether the sentencing court abused its discretion by failing to give the proper weight to the facts presented at the sentencing hearing included [sic], but not limited to, the following: a) [a]ppellant has a serious health condition and was essentially given a death sentence, b) [a]ppellant's conduct in prison

was relatively good, c) [a]ppellant was a veteran, d) [a]ppellant has a mental health problem and e) when [a]ppellant was given the wrong prescription, he would rob banks?

*Anders* brief at 7.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)." *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's *Anders* brief must comply with the following requisites:

> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed **pro se** on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.Super. 2007) (**en banc**) (citation and internal quotation marks omitted).

Instantly, we conclude that counsel has satisfied the technical requirements of **Anders** and **Santiago**. Counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel has also raised two discretionary aspects of sentencing claims that could arguably support an appeal, but ultimately concludes that the appeal is wholly frivolous. Counsel has also attached to his petition a letter to Appellant, which meets the notice requirements of **Millisock**. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

Appellant contends that the trial court abused its discretion by imposing an excessive sentence of 15 to 30 years' imprisonment and by failing to give proper weight to several mitigating factors. (**Anders** brief at 22, 25.) These claims are meritless.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. **See Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an Appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Here, the record reveals that Appellant filed a timely notice of appeal and preserved his issues in his May 23, 2016 post-sentence motion. (**See** "Post-Sentencing Motions," 5/23/16 at ¶¶ 16A-16B.) Appellant also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). (**See Anders** brief at 17-22.) Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted).

Upon review, we find that Appellant has failed to raise a substantial question that his sentence is not appropriate under the Sentencing Code. This court has long recognized that "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." *Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa.Super. 2013), *appeal denied*, 77 A.3d 636 (Pa. 2013) (citation omitted); *see also Commonwealth v. Mouzon*, 812 A.2d 617, 623 (Pa. 2002) (holding that an excessiveness claim that is raised against a sentence that falls within the statutory limits, as is the case here, does not raise a substantial question). Likewise, "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super. 2013) (citation omitted); *see also Commonwealth v. Moury*, 992 A.2d

162, 171 (Pa.Super. 2010) (stating that an "allegation that [the] sentencing court failed to consider or did not adequately consider certain factors generally does not raise a substantial question.") (citation and internal quotation marks omitted).

Based on the foregoing, we agree with counsel's assessment that this appeal is wholly frivolous and that Appellant is entitled to no relief on his discretionary aspects of sentencing claims. After our own independent review of the record, we discern no additional issues of arguable merit. Accordingly, we grant counsel's petition to withdraw and affirm the May 18, 2016 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017